UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMMY ANN ROBERTS,
        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
        Defendant.

**DECISION AND ORDER**
17-cv-6817-JWF

## Preliminary Statement

Plaintiff Tammy Ann Roberts ("plaintiff" or "Roberts") commenced this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). See Compl. (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Docket ## 12, 15. For the reasons that follow, plaintiff's motion (Docket # 12) is **granted**, the Commissioner's motion (Docket # 15) is **denied**, and the case is remanded for further proceedings consistent with this opinion.

## Background and Procedural History

Plaintiff filed her applications for the benefits at issue on February 27, 2014, alleging disability beginning on February 10, 2011. Administrative Record ("AR") at 299-311. Those applications were denied on May 22, 2014, and plaintiff requested a hearing.

1

AR at 205-32, 243-45. Plaintiff appeared at the hearing before Administrative Law Judge John L. Lischak ("the ALJ") with her attorney, James Redmond, Esq., on June 27, 2016. AR at 39. Plaintiff and a vocational expert testified at the hearing. Id. The ALJ held the record open for an additional two weeks to obtain a "treating source medical doctor residual functional capacity ["RFC"] assessment." AR at 47-48.

The ALJ issued an unfavorable decision on September 27, 2016. AR at 9. Plaintiff timely filed a request for review by the Appeals Council and on September 25, 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR at 1. Plaintiff then commenced this appeal.

## Discussion

At step two of the familiar five-step sequential process used to evaluate disability, the ALJ found that Roberts had the following severe impairments: lumbar spine disorder, fibromyalgia, bilateral carpal tunnel syndrome (post-release surgeries), and alcohol dependence.[1] AR at 15. The lengthy medical record pays

---

[1] Plaintiff does not challenge the ALJ's analysis of her alcohol dependency. See La Patra v. Barnhart, 402 F. Supp. 2d 429, 433 (W.D.N.Y. 2005) ("In this regard, the Commissioner must evaluate which of plaintiff's current physical and mental limitations would remain if she stopped using alcohol, and then determine whether those remaining limitations would be disabling. If her remaining limitations would still be disabling, then alcoholism will not be a contributing factor material to the determination of disability and the disabled person will be eligible for benefits.") (internal citations omitted). Rather, plaintiff contends that the ALJ improperly discounted the expert medical opinions in the record, including treating sources.

2

tribute to all of these impairments, but what is particularly at issue in this appeal are the exertional limitations caused by plaintiff's back pain. The ALJ found that if plaintiff "stopped the substance use," the claimant would have the residual functional capacity to perform (1) her past job as a hairstylist or, alternatively, "the full range of medium work" with no additional limitations. AR at 23-25. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967.

Medical Opinion Evidence: The problem with the ALJ's RFC determination, as plaintiff points out, is that it conflicts with virtually every medical opinion in the record, including plaintiff's treating doctors. One of plaintiff's treating doctors, Dr. Basya Herbert, submitted a medical source opinion to the ALJ in order to assist the Commissioner in evaluating her patient for disability benefits. The Commissioner accurately summarized Dr. Herbert's report as follows:

> On July 18, 2016, Dr. Herbert completed a medical source opinion (Tr. 968). She stated that Plaintiff had back pain since 2012 (Tr. 968). Dr. Herbert said Plaintiff's pain would constantly interfere with her attention and concentration (Tr. 968). She opined that Plaintiff could never lift less than 10 pounds (Tr. 968). Dr. Herbert stated that Plaintiff could never twist, stoop, crouch, climb ladders, or climb stairs (Tr. 968). She said Plaintiff could sit, stand, or walk less than two hours in an eight-hour workday (Tr. 969). Dr. Herbert opined that Plaintiff could sit for 20 minutes at a time and stand for 5 minutes at a time (Tr. 969). She stated that

3

Plaintiff's back pain significantly impaired her daily
functioning (Tr. 969).

Commissioner's Mem. of Law (Docket # 15-1), at 11. The ALJ's assigned RFC is obviously inconsistent with Dr. Herbert's opinion.

The record also contains two evaluative opinions of plaintiff's treating neurosurgeon, Dr. M. Whitbeck. Plaintiff was evaluated and treated by Dr. Whitbeck because of ongoing back problems. In both of his reports, Dr. Whitbeck cautioned plaintiff from engaging in any activity that involved "twisting, pushing or pulling" (AR at 379) and "bending, twisting, pushing and pulling." (AR at 381). The RFC assigned to plaintiff by the ALJ is similarly inconsistent with Dr. Whitbeck's opinions as to plaintiff's postural and exertional limitations.

In addition to her treating doctors, at the Commissioner's request plaintiff also was examined and assessed for disability purposes by Dr. Seema Khaneja. After examining and evaluating plaintiff, Dr. Khaneja prepared a six-page report in which she made the following determination in her "medical source statement" finding:

> The claimant has moderate limitations with respect to activities requiring prolonged walking, standing, sitting, lifting, carrying any heavy objects, repetitive bending/turning/twisting, reaching, pulling, pushing, squatting, kneeling, or climbing stairs, secondary to fibromyalgia and chronic low back pain, as listed above. The claimant also has moderate limitations with respect to activities requiring sustained or prolonged repetitive fine motor activity, secondary to numbness of

4

both thumbs, and history of carpal tunnel syndrome,
status post repair.

AR at 600-601. This, too, represents a medical opinion by an examining doctor that is inconsistent with the RFC determination of the ALJ. On January 12, 2015, at the request of her treating primary care physician, plaintiff was evaluated at the University of Rochester Pain Treatment Center. AR at 950. On examination, plaintiff had "tenderness to palpation" of her mid-back, lower back, and over her bilateral sacroiliac joints. AR at 955. She had tenderness over her left bursa and her active range of motion of her lumbar spine and left hip were reduced and "pain provocative". Id. Plaintiff's gait was "[s]low paced, short stepped and antalgic favoring left." Id. Sensation of her posterior aspect of her right leg globally from her posterior thigh to the bottom of her foot was "absent". AR at 956. Left FABER[2] testing was "positive" for groin and low back pain. Id.

Finally, the opinion evidence of the aforementioned medical experts was fully consistent with plaintiff's testimony at the hearing before the ALJ. In addition, objective medical evidence in the record also provided support for these findings rendered by treating sources. In June 2012, an MRI of the lumbar spine revealed a posterior central disc herniation protrusion with an associated annular tear at L4-L5 (AR at 469) and a CT scan revealed

---

[2] "Flexion, Abduction and External Rotation" (FABER) testing.

moderate degenerative changes at L5-S1 with endplate sclerosis and intervertebral disc narrowing (AR at 475). A CT scan of her spine in July 2012 revealed "advanced degenerative changes at L5-S1 level." AR at 478.

The ALJ's Analysis of Opinion Evidence: The Commissioner advises disability applicants as to the importance of submitting medical opinions from treating doctors. See 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to medical opinions from your treating sources."). Plaintiff here was able to obtain opinions from several treating sources, yet the ALJ discounted them. Where an ALJ gives a treating physician's opinion something less than "controlling weight," he must provide good reasons for doing so.[3] Our circuit has consistently instructed that the failure to provide good reasons for not crediting the opinion of a plaintiff's treating physician is a ground for remand. See Schaal v. Apfel, 134 F.3d 496, 503-05 (2d Cir. 1998); see also Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician['s] opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."); Green-Younger v.

---

[3] This so called "treating physician rule" was in effect at the time plaintiff's claim was filed.

Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) ("The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant.").

Our circuit has also been blunt on what an ALJ must do when deciding not to give controlling weight to a treating physician:

> To override the opinion of the treating physician, we have held that the ALJ must <u>explicitly</u> consider, <u>inter alia</u>: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist. After considering the above factors, the ALJ <u>must comprehensively set forth his reasons</u> for the weight assigned to a treating physician's opinion. The failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand. The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion.

Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015) (emphasis added) (internal citations, quotations, and alterations omitted).

The ALJ decided to "accord[] little weight to the medical opinions of the claimant's treating primary care provider, Baysa Herbert, M.D." AR at 28. His justifications meet neither the letter nor the spirit of the treating physician rule. According to the ALJ, Dr. Herbert's opinions were "inconsistent with the scant chronically positive objective clinical findings." Id. A fair reading of the extensive medical record hardly supports "scant" clinical findings by plaintiff's treating doctor. Dr.

7

Basya Herbert regularly treated plaintiff from May 2015 to April 2016. AR at 612-33. Dr. Herbert consistently noted plaintiff's chronic lower back pain manifesting as tenderness and crepitus. AR at 612-28. Dr. Herbert noted during plaintiff's May 20, 2016 visit that plaintiff had difficulty sitting for six hours at a time over a period of three days. AR at 626-28. In her RFC assessment, Dr. Herbert opined that plaintiff experienced constant back pain, could never lift less than ten pounds, could never twist, stoop, crouch, or climb, and could sit, stand, or walk for less than two hours in a day, being able to sit for only 20 minutes at a time or stand for five minutes at a time. AR at 968-69.

Dr. Herbert's opinion is internally consistent, and consistent with plaintiff's own testimony regarding chronic lower back problems for 20 years. AR at 59. Plaintiff's back issues result in "very sharp, consistent" pain that runs down her right leg and causes her difficulty with walking, standing, moving, and sitting. Id. Plaintiff also testified she could only sit for 15 minutes at a time and walk for ten minutes before needing a rest. Id. Dr. Herbert's opinion was also consistent with other evidence in the record, such as orthopedic surgeon Dr. M. Gordon Whitbeck's analysis of plaintiff's back pain that travels to her right foot and her difficulty standing from a seated position. AR at 379, 381. Plaintiff's continued back pain is also corroborated by Anthony Inzana, P.A., who treated plaintiff with two facet joint

8

injections in her lumbar spine, noted plaintiff's advanced degenerative disc disease upon an MRI, observed tenderness in her mid-back, and scheduled plaintiff for additional injections due to her continued pain. AR at 413, 604. Dr. Khaneja's opinion, discussed above, also supports Dr. Herbert's findings.

In seeking to discredit the medical opinions concerning plaintiff, the ALJ focuses on various neutral or benign findings made by medical providers during particular visits or appointments. There is no question that one can examine a complicated medical record such as this one and pick out certain days or certain finding which reflect progress or a reduction in symptomology.[4] But "cherry picking" evidence to support a disability determination is error and not a fair assessment of the record. See Phelps v. Colvin, No. 12-CV-976S, 2014 WL 122189, at

---

[4] For example, in rejecting the medical opinions of record, the ALJ relies on things like "[n]one of the treating or examining sources notes any muscle atrophy of the claimant's upper or lower extremities, which indicates that the claimant does not suffer from the type of disuse generally associated with serious limitation of function" and "[o]n various occasions she was observed with no more than 'moderate' pain behavior." AR at 30 (internal citations omitted). Aside from cherry picking certain findings, it must also be noted that the ALJ is not a doctor and has no independent medical qualifications. His ability and expertise to opine on the medical or clinical significance of "muscle atrophy" in one's extremities or "moderate pain behavior" is not explained. Suffice it to say, if trained medical doctors did not rely on the absence of muscle atrophy or the fact that on occasion plaintiff only displayed "moderate" pain behavior in forming their professional opinions as to plaintiff's exertional limitations, it was improper for the ALJ to do so. See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999) ("In analyzing a treating physician's report, the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion.") (internal quotation and citation omitted); Quinto v. Berryhill, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) ("An ALJ is prohibited from 'playing doctor' in the sense that an ALJ may not substitute his own judgment for competent medical opinion.") (internal quotation and citation omitted).

*4 (W.D.N.Y. Jan. 13, 2014) ("The selective adoption of only the least supportive portions of a medical source's statements is not permissible.") (internal quotations and brackets omitted); Caternolo v. Astrue, No. 6:11-CV-6601(MAT), 2013 WL 1819264, at *9 (W.D.N.Y. Apr. 29, 2013) ("[i]t is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination.") (internal quotations omitted) (collecting cases).

In sum, the ALJ found that he could not give controlling weight to any of plaintiff's treating doctors, the consulting physician, or the physician's assistant because, in his view, all of their opinions were not well supported. In addition, the ALJ rejected the opinion of the vocational expert ("VE") that plaintiff was unable to return to her past relevant work as a hairdresser because the VE's opinion "was based on the medical opinion of Dr. Herbert". AR at 32. Given that there were no other medical opinions in the record upon which to rely, what was left was the ALJ formulating an RFC based on his own medical opinion that plaintiff could continue to work as a hairdresser or perform the full range of medium work without any exertional limitations. For the reasons set forth above, the ALJ's RFC determination was simply not supported by substantial evidence in the record. See Muhammad v. Colvin, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) ("While in some circumstances, an ALJ may make an

10

RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations from a medical source.") (internal quotation and citation omitted); Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998) ("An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.").

## Conclusion

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Docket # 12) is **granted** and the Commissioner's motion for judgment on the pleadings (Docket # 15) is **denied**. The case is remanded for further proceedings consistent with this opinion.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 21, 2019
Rochester, New York

11